ADROIT METAL PRODUCTS, INC., et al., Appellants, v. YOUNG'S WINDOWS OF AMERICA, INC., et al., Respondents.—

No opinion. Settle order on notice. Present — Peck, P. J., Glennon, Dore, Cohn and Shientag, JJ.

WILLIAM REUTEMANN, Respondent, v. COSMOPOLITAN TOURIST CO., INC., Appellant.—

It was held in *Harriss* v. *Tams* (258 N. Y. 229) that a complaint may be amended so as to introduce therein even a cause of action barred by the Statute of Limitations, but in such case the defendant cannot be deprived of that defense. The difference between such a procedure and dismissal of a complaint on motion under rule 107 of the Rules of Civil Practice, or the refusal to permit an amended complaint, is that the question whether the cause of action is barred is decided in the one instance upon affidavits and in the other after evidence has been adduced at a trial. In this case, it was proper to have allowed the amendment in order that it may be determined upon the trial whether the amended pleading contains a new cause of action, which would be barred by the Statute of Limitations at the time of the amendment, or whether it be merely an amendment with respect to facts which pertain to the cause of action stated in the original complaint. Present — Peck, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ. Peck, P. J., dissents and votes to reverse and deny upon the ground that the plaintiff, at this late date, should not be permitted to plead an entirely different contract with a vast extension of defendant's claimed liability. [See *post*, p. 734.]

NORMAN HERTZ et al., Copartners Doing Business under the Name of HERTZ, WOLF & KLINE, Respondents, v. 93 PRINCE STREET CORPORATION, Appellant.—

Present — Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.