■ MARY J. PALMER, as Administratrix of the Estate of ANTHONY TRIVELLA, Deceased, and of the Estate of VIOLET TRIVELLA, Deceased, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order, Supreme Court, New York County, entered May 26, 1970, affirmed, without costs and without disbursements. The basic facts as to the date of the accident, death of decedent, appointment of an administratrix and continuation of the action are set forth in the dissenting opinion and need not be again recited. In 1969 the administratrix was granted leave to amend the complaint to add a third cause of action for wrongful death. This court affirmed (33 A D 2d 119). In affirming, the court noted the practical difficulty which precluded an earlier application by the administratrix to amend. In the earlier motion defendant charged plaintiff with laches. Now defendant seeks summary judgment dismissing such third cause because that cause for wrongful death was not commenced within the time prescribed by section 1212 of the Public Authorities Law. There can be no dispute that the original action for damages was timely commenced. Though defendant cannot be deprived of its right to raise the affirmative defense of the Statute of Limitations, the reasons articulated in the earlier decision of this court in affirming leave to amend retain their vitality. Plaintiff should not now be prevented from proving a cause for wrongful death. (See EPTL 11-3.3, 5-4.1; *Ringle* v. *Bass*, 46 Misc 2d 896; CPLR 203, subd. [e].) Concur — Stevens, P. J., Capozzoli, McGivern and Tilzer, JJ.; Steuer, J., dissents in the following memorandum: The appeal is from Special Term's denial of defendant's motion to dismiss the third cause of action as barred by limitations. The action, begun in January, 1963, was to recover for injuries suffered in an accident on the subway in March, 1962. The plaintiff died in May, 1967. The action was continued by his administratrix, the present plaintiff, who was appointed July 19, 1967, and substituted for the deceased on August 23, 1967. In January, 1969 plaintiff moved for leave to add a third cause of action for wrongful death, attributing the death in 1967 to the accident in 1962. Permission was granted and the order affirmed by this court (33 A D 2d 119). A review of the opinions shows that the prior decision was concerned solely with the question of the propriety of the amendment from the standpoints of proper medical proof and whether the application was reasonably made. The bar of limitations was neither raised nor discussed. What the decision does determine is that the plaintiff was not guilty of laches in making the application in that she was not aware and could not have been of the causal connection between the accident and the death

five years later. The question now is quite different, and whether or not plaintiff acted with reasonable dispatch after learning the facts is quite irrelevant. It has always been the law that permission granted to plead a cause of action does not deprive the defendant of pleading and establishing that the cause of action is barred by limitations (*Davis* v. *New York, Lake Erie & Western R. R. Co.*, 110 N. Y. 646; *Reutemann* v. *Cosmopolitan Tourist Co.*, 279 App. Div. 581). It is not open to argument that had this plaintiff commenced an action for wrongful death at the time she sought to amend the complaint the action would be subject to dismissal as barred by limitations. It is familiar learning that a cause of action alleged for the first time in an amended complaint dates from its assertion. There can be no doubt that an action for wrongful death is distinct and apart from an action for personal injuries and has always been so held (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465). As such, unless some exception exists it is axiomatic that the claim is barred. Such an exception is said to be found in CPLR 203 (subd. [e]), which reads: " (e) Claim in amended pleading. A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." It must be quite obvious that the original pleading does not and could not give notice of the series of occurrences to be proved pursuant to the amended pleading. The matter is ably discussed in the Supplementary Practice Commentary by Joseph B. McLaughlin (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 203, Cumulative Annual Pocket Part, 1970–71, p. 32). Speaking of relating a claim for wrongful death back to an antecedent action for injuries the learned author states: " Yet, it is conceptually discomfitting to permit the cause of action for wrongful death to relate back to the original service of process, because at the time that process was served, there did not then exist a cause of action for wrongful death. It is one thing to permit a cause of action to relate back where it existed at the time to which it relates back; it is quite another matter where a subsequently arising cause of action is permitted to relate back." And, speaking of a supposed rule that because the death is traceable to the same accident which caused the injuries the section applies, he says: " The latter part of this rule is a profound innovation for which the writer can find no support in the Advisory Committee Reports. The logical disruption caused by tolling a statute of limitations before a cause of action even accrues and the drastic break with the past which such a principle represents suggest that this new rule ought not to rest upon a somewhat strained construction of CPLR 203(e). The section seems clearly designed to apply only to true amended pleadings which add causes of action in existence when the action was commenced. Thus, there would be no difficulty if, in the Ringle and Berlin cases, the decedent had already died when the personal injury action was commenced. But to apply this section where the death occurs during the lawsuit should, it is submitted, require a clearer expression of legislative intent."