■ RITA KARSON et al., Respondents, v. ROBERT ZELNICK, Respondent, and NASSAU CAR COMPANY, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant Nassau Car Company, Inc., appeals from an order of the Supreme Court, Nassau County, dated October 12, 1973, which denied its motion to amend a ruling made by the Special Term, Part II, of said court on June 11, 1973 at the conclusion of the examination before trial of defendants, which ruling required appellant to append two papers to the transcript of its employee's deposition. Order reversed, in the exercise of this court's discretion, without costs, motion granted and appellant is relieved of the requirement to append said papers to its employee's deposition (*Cohen* v. *Heine & Co.*, 39 A D 2d 563). We note that although (1) rulings made in the course of an examination before trial are not appealable (*Hall* v. *Wood*, 5 A D 2d 998) and (2) attorneys may reserve the right to object at the trial to evidence adduced at an examination before trial, nevertheless, the order under review is appealable because its provisions indicated the possible entry of an order precluding a material witness' testimony at the trial. The order is formally entered and affects a substantial right. It is appealable (CPLR 5701, subd. [a], par. 2, cl. [v]). Gulotta, P. J. Martuscello, Latham, Shapiro and Cohalan, JJ., concur.

■ WILLIAM MITCHELL, Respondent, v. CITY OF NEW YORK, Appellant. (And Another Title.) — In consolidated negligence actions to recover damages for personal injuries, defendant City of New York appeals from an order of the Supreme Court, Kings County, dated August 21, 1972, which denied its motion for leave to amend its answer to the complaint of plaintiff William Mitchell, without prejudice to renewal at Trial Term. Order reversed, without costs, and motion granted. The amended answer must be served within 20 days after entry of the order to be made hereon. The proposed amendment of appellant's answer so as to permit appellant affirmatively to plead that plaintiff William Mitchell is limited to recovery of benefits allowed under the Workmen's Compensation Law should have been granted, since the amendment sets forth a legally sufficient defense (*De Giuseppe* v. *City of New York*, 273 App. Div. 1010, mot. for lv. to app. den. 298 N. Y. 932; *Rauch* v. *Jones*, 4 N Y 2d 592; Workmen's Compensation Law, §§ 11, 29). The policy of our courts is to liberally permit amendments of pleadings unless the rights of a party are substantially prejudiced thereby (CPLR 3025). No such prejudice appears here. Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DIXON, Appellant.— Judgment of the County Court, Westchester County, rendered September 8, 1972, affirmed (*People* v. *Johnson*, 41 A D 2d 701, affd. 34 N Y 2d 623). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.