■ WALTER OWENS et al., Respondents, v PALM TREE NURSING HOME, INC., et al., Defendants, and PATENT SCAFFOLDING Co., INC., Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for

personal injuries, etc., defendant Patent Scaffolding Co., Inc., appeals from an order of the Supreme Court, Kings County, dated September 11, 1974, which, *inter alia,* granted plaintiffs' motion to amend the complaint. Order affirmed, with $50 costs and disbursements to plaintiffs against appellant. Defendants' time to answer the amended complaint is extended until 20 days after entry of the order to be made hereon. In this personal injury action, plaintiffs moved to amend the complaint to add causes of action for breach of implied and express warranties and for strict liability. The original complaint, served in October, 1969, alleged negligence only. Prior to the making of the motion, a second action was commenced on June 27, 1973 against this appellant only, alleging the same facts as in the instant action, but seeking relief on the grounds of breach of express and implied warranties. Appellant moved to dismiss the complaint in the second action on the ground that the four-year limitation period specified in section 2-725 of the Uniform Commercial Code had run. Special Term granted the motion *(Owens v Patent Scaffolding Co. Div. of Harsco,* 77 Misc 2d 992) and dismissed the complaint "with prejudice". (By a separate decision we are reversing the order made thereon [50 AD2d 866].) In the instant action Special Term granted plaintiffs' above-mentioned motion and we affirm. CPLR 203 (subd [e]) states that a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the occurrences provable under the amended pleading. The original complaint herein does give such notice. Appellant nevertheless contends that Special Term erred in not giving *res judicata* effect to the decision on which the second action, for breach of warranty, was dismissed, "with prejudice". We hold that *res judicata* is not applicable. The issues raised on the motion to dismiss the second action were not the same as those raised on the motion in the instant case. In the former, the court was not asked to review the complaint sounding in negligence, or whether CPLR 203 (subd [e]) permitted expansion of that complaint to assert alternative theories of liability. The issue before *that* court was limited to the applicability of the limitation period of the Uniform Commercial Code (§ 2-725) to a cause of action for breach of warranty relating to the lease of a chattel. The issue before Special Term in the instant case was whether a cause of action whose limitation period had run could be added to a timely-commenced action. This is an altogether different issue. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.