▆ WALTER OWENS et al., Appellants, v PATENT SCAFFOLDING Co., DIVISION OF HARSCO CORPORATION, Respondent.—In an action to recover damages for personal injuries, etc., based upon a breach of warranty, plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 29, 1974, which granted defendant's motion to dismiss the complaint, "with prejudice", on the ground that the causes of action therein were barred by the Statute of Limitations. Order reversed, with $50 costs and disbursements, and motion denied. Defendant's time to answer the complaint is extended until 20 days after entry of the order to be made hereon. We find no warrant for applying the restrictive four-year Statute of Limitations specified in section 2-725 of the Uniform Commercial Code to an action for breach of implied warranties of merchantability and fitness for use in connection with the rental of the scaffold here in question. We hold, instead, that the six-year limitation period, relating to contracts in general, applies (CPLR 213, subd 2). The broadening application of such warranties to business transactions beyond those of sales per se (see Murray, Under the

Spreading Analogy of Article 2 of the Uniform Commercial Code, 39 Fordham L Rev 447) is irrelevant to the issue of limitation periods. We see no reason to apply a more restrictive limitation period than that provided in CPLR 213 (subd 2) merely because warranties in the lease of a chattel are held to be analogous to warranties relating to sales under the Uniform Commercial Code. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.