# FOURTH DEPARTMENT, MAY, 1976

## (May 14, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PETER CHIMERA, Appellant.—Judgment insofar as it imposes sentence unanimously reversed and matter remitted to Erie Supreme Court for further proceedings in accordance with the following memorandum: Defendant, while serving a five-year term of probation, entered a plea of guilty to a charge of burglary, third degree, in a Trial Part of Supreme Court, Erie County. Defendant thereafter entered a plea of guilty in another Trial Part of Supreme Court, Erie County to a violation of probation charge contained in an information alleging his failure to lead a law-abiding life, a condition of his probation, in that defendant had entered the afore-mentioned plea of guilty to the crime of burglary, third degree. Prior to sentence on the violation of probation charge, defendant was permitted to withdraw his plea of guilty to the burglary charge and proceed to trial on the counts of the pending indictment. Defendant thereafter moved for permission to withdraw his plea of guilty to the violation of probation charge which was denied. In view of the intervening withdrawal by defendant of his plea of guilty to the burglary charge upon which sole fact, according to the information, the charge of violation of probation by defendant in failing to lead a law-abiding life was premised, the violation of probation charge could not be sustained and defendant should be allowed to withdraw his plea of guilty thereto. The People, if so advised, may move to amend the information so as to allege underlying facts involving acts of defendant which precipitated defendant's indictment for burglary and rape whereby defendant's alleged violation of the condition of his probation to lead a law-abiding life might be established *(People v Lynch,* 31 AD2d 753). (Appeal from judgment of Erie Supreme Court convicting defendant of violation of probation.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.