■ RONALD A. DEISO, Appellant, v MOBIL OIL CORPORATION et al., Respondents.—In an action to recover damages for personal injuries predicated upon an assault, plaintiff appeals from an order of the Supreme Court, Westchester County, dated August 31, 1976, which denied, without prejudice to renewal, his motion for leave to serve an amended complaint. Order reversed, with $50 costs and disbursements payable by respondents Mobil Oil Corporation and Eastchester Auto Clinic, and motion granted. Plaintiff shall serve the amended complaint within 20 days after entry of the order to be made hereon. Under the circumstances of this case, plaintiff's attorney had greater knowledge of the facts which required an amended complaint than the plaintiff himself. Accordingly, the attorney's affirmation is proper in lieu of the party's affidavit of merits. In light of this State's liberal policy toward amendment of pleadings *(Mitchell v City of New York,* 44 AD2d 852), Special Term should have granted plaintiff's motion since there was no showing of prejudice. The original complaint seeks recovery for an intentional tort; the proposed amendment merely adds a negligence theory based upon the same incident. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ DAVID DICKER et al., Appellants, v WALDBAUM'S, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for assault and battery, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered July 7, 1975, which is against them (1) and in favor of defendant Waldbaum's, Inc., upon the trial court's dismissal of the complaint against the said defendant and (2) in favor of the other defendants, upon a jury verdict, at a trial limited to the issue of liability. Judgment, insofar as it is in favor of defendant Waldbaum's, Inc., affirmed, without costs or disbursements. Judgment, insofar as it is in favor of the remaining defendants, reversed, on the law and in the interest of justice, action severed, and new trial granted as between plaintiffs and the remaining defendants as to the issue of liability, with costs to abide the event. No fact questions were presented for review. A review of the record shows that the dismissal of the complaint as against defendant Waldbaum's, Inc., for the failure of plaintiffs to establish a prima facie case was proper. It also shows that the conduct of the trial court, *inter alia,* of indicating on numerous occasions that counsel for plaintiffs was really wasting the court's time by his manner of presenting his case, that some of counsel's evidence was useless except for clouding the issues, and (again, on several occasions) that counsel was worthy of being held in contempt of court, was so excessive as to irremediably prejudice the jury against the plaintiffs. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ EASTERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF SAYVILLE, Plaintiff, v FRANK PANTALEO et al., Defendants, VINCENT P. PREVITI, Respondent, and JOHN KUCHTUK, JR., Appellant.—In a mortgage foreclosure action, defendant John Kuchtuk, Jr., appeals from so much of an order of the Supreme Court, Suffolk County, dated October 5, 1976, as determined that defendant Previti was entitled to second priority to the surplus moneys and that he was entitled to third priority, and remanded the matter to the referee to recompute the amounts payable to the lienors. Order affirmed insofar as appealed from, with $50 costs and disbursements, on the opinion of Mr. Justice Orgera at Special Term. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.