■ MARY CERRATO, Respondent, v R. H. CROWN Co., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 8, 1976 in Fulton County, which granted plaintiff's motion to amend her complaint. Special Term granted plaintiff's motion to amend her complaint setting forth two additional causes of action in strict tort liability and breach of warranty, and increasing the ad damnum clause from $150,000 to $500,000. CPLR 3025 (subd [b]) provides for amendment of pleadings at any time by leave of court and that such leave shall be freely given, particularly where, as in the instant case, the allegations are based on the same facts, and only additional legal theories of recovery are advanced. Defendant's contention as to the delay in seeking relief is insufficient without a showing of prejudice (Handley v Mirro Aluminum Co., 52 AD2d 1029). Furthermore, that the new causes of action might have been barred in a separate action de novo, does not affect the granting of relief. There is a relation back as long as the earlier pleading gives the adverse party sufficient notice of the transactions out of which the new claims arise (CPLR 203, subd [e]; see Palmer v New York City Tr. Auth., 37 AD2d 766). The increase in the ad damnum clause was likewise proper in view of the statement of plaintiff's plastic surgeon indicating the severity and permanency of plaintiff's injuries, and absent a showing of prejudice and surprise. We also note, in passing, that the warranty action is based upon personal injuries to the purchaser, a natural person and thus is cognizable under section 2-318 of the Uniform Commercial Code. It is therefore not prohibited from being maintained in conjunction with an action based on strict tort liability (cf. Potsdam Welding & Mach. Co. v Neptune Microfloc, 57 AD2d 993; Dickey v Lockport Prestress, 52 AD2d 1075). Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.