■ CLARENCE P. BILHORN et al., Appellants, v WILLAIM G. FARLOW, JR., et al., Respondents.—Order unanimously reversed, without costs, and motion granted. Memorandum: Plaintiffs seek to amend their complaint a second time. We believe that Special Term's denial of the application was an improvident exercise of discretion. Although the granting of such a motion is within the sound discretion of the court, leave to amend should be freely granted in the absence of a showing of prejudice (CPLR 3025, subd [b]; e.g., *Albany Crane Serv. v Pettibone Mulliken Corp.,* 54 AD2d 794). Plaintiffs state reasonable grounds for amendment and the same basic facts are alleged as in the former complaint (see *Handley v Mirro Aluminum Co.,* 52 AD2d 1029). The proposed amended complaint merely sets forth additional theories based upon those facts (see *Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502; *Cerrato v Crown Co.,* 58 AD2d 721; *Deiso v Mobil Oil Corp.,* 56 AD2d 621; *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *Watso v City of New York,* 39 AD2d 960; cf. *Yerdon v Baldwinsville Academy,* 39 AD2d 824). Defendants have made no showing of prejudice, their ability to present a defense at trial will not be affected and there will be no trial delay. Furthermore, that the claims in the proposed amended complaint may have been barred by the Statute of Limitations in a separate action *de novo* does not affect the granting of relief. There is a relation back as long as the original pleading gives the adverse party sufficient notice of the transactions out of which these claims arise (CPLR 203, subd [e]; *Cerrato v Crown Co., supra;* see *Gardner v Fyr-Fyter Co., supra; Owens v Palm Tree Nursing Home,* 50 AD2d 865; *Palmer v New York City Tr. Auth.,* 37 AD2d 766; cf. *Smith v University of Rochester Med. Center,* 32 AD2d 736). The first amended complaint herein does give such notice and, accordingly, plaintiffs' motion should have been granted. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ PAUL PHILLIPS et al., Appellants, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL), Respondent. (Appeal No. 1.)—Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs Paul Phillips and his guardian S. Jack Phillips appeal from an order dismissing their complaint on the merits, a second order reaffirming the prior order, and a judgment dismissing the complaint. The complaint claimed that plaintiff Paul Phillips was injured, while a patient in defendant hospital, due to defendant's negligence. The dismissal was on the ground that plaintiffs unreasonably neglected to proceed in the action by failing to file requested medical malpractice mediation panel papers with the clerk of the Supreme Court in compliance with section 148-a of the Judiciary Law. The record establishes that all pleadings were served in the action, and the bill of particulars, physical examinations, examinations before trial, and depositions were waived. After the initial request for the mediation papers by the clerk, neither the clerk nor defendant's counsel communicated with plaintiffs' attorney with respect to the matter until the notice of motion to dismiss was served. The dismissal should be reversed for the reasons stated in *Rosenburgh v University of Rochester (Strong Mem. Hosp.)* (60 AD2d 756). (Appeal from order and judgment of Monroe Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.