■ ETHEL M. ROSENBURGH, Appellant, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL), Respondent.—Order and judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff appeals from an order and judgment dismissing her complaint alleging that while a patient in defendant hospital she was injured as a result of defendant's negligence. It is claimed that the injury occurred when plaintiff fell out of bed due to the premature removal of her restraints and the discharge of her private-duty nurses while she, an 84-year-old woman, was in a disoriented state. The dismissal was on the ground that plaintiff had unreasonably neglected to proceed in the action by failing to file requested medical malpractice mediation papers with the clerk of the Supreme Court of Monroe County in compliance with section 148-a of the Judiciary Law. Plaintiff was injured on April 20, 1972. On March 29, 1973, the action was commenced by service of a summons and complaint. Subsequently, plaintiff filed a note of issue, served a bill of particulars, and participated in examinations before trial and discovery and inspection. The case had not yet reached the Day Calendar when, on September 1, 1974, section 148-a of the Judiciary Law, which requires mediation of medical malpractice cases by a medical malpractice mediation panel prior to trial, became effective. On October 23, 1975, the Supreme Court clerk requested that both parties to the action file with him all materials required under section 148-a of the Judiciary Law so that a medical malpractice panel hearing could be arranged. No further request for the materials was made. Plaintiff's attorney was not alerted to the fact that he had neglected to file the required mediation papers until March 2, 1977, when he received a notice of motion to dismiss for failure to file mediation papers with respect to another negligence case involving the same defendants. The following day, the mediation papers in the instant action were filed with the clerk. On April 7, 1977, the notice of motion to dismiss was served in this action. Plaintiff had proceeded diligently in all matters except the filing of the mediation papers. There is no authority for dismissal, or, for that matter, any sanction for failure to file the papers required by the clerk set forth in the governing statute (Judiciary Law, § 148-a) or the implementing rules established by the Appellate Division, Fourth Department (22 NYCRR Part 1028), although they do contain sanctions for failure to appear at the mediation hearing itself. Plaintiff was not warned by the Supreme Court clerk or anyone else that failure to comply would result in dismissal of the complaint. Under these circumstances, the dismissal was an improvident exercise of discretion. Additionally, defendant did not show that it would be prejudiced if the requested relief were granted. On the other hand, dismissal would deprive plaintiff of her day in court inasmuch as the Statute of Limitations has run. (See *Carron v De Granpre,* 55 AD2d 712; *Moscatiello v Savarese,* 42 AD2d 519; *Moran v Rynar,* 39 AD2d 718.) Although no physician is named as a defendant, the parties have treated this action against a hospital as a medical malpractice action, and defendant has raised no question concerning the applicability of section 148-a of the Judiciary Law, requiring submission to a medical malpractice panel. There is no merit to plaintiff's claim that defendant failed to comply with CPLR 3216 (subd [b], par [3]). The 45-day demand requirement is not a prerequisite of a motion to dismiss for

want of prosecution when, as here, the note of issue has been filed. (Appeal from order and judgment of Monroe Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.