OPINION OF THE COURT
Allan L. Winick, J.
Motion by plaintiff for an order, pursuant to CPLR 3025 (b), permitting plaintiff to serve an amended complaint. The facts are as follows;
Plaintiff and defendant entered into a written agreement for defendant, as a tax consultant, to obtain reduction refunds and/or credits of New York State sales taxes to be paid by plaintiff on the purchase of certain utilities. Plaintiff agreed to compensate defendant for such services on a contingent basis, one third of the amount recovered. As part of the contract, if the refund or credit was subsequently disallowed, defendant had to return the fee if already paid. Plaintiff did receive a credit of which defendant, in accordance with the agreement, received one third of the amount. Thereafter, on review, plaintiffs credit was disallowed. Plaintiff demanded that defendant return the fee as provided under the agreement. Defendant refused and the original action was commenced for breach of contract, within the original period of limitations, the payment to the consultant having been made on October 3, 1979. The dates on the written agreement appear to be confirmation of oral understandings.
*627 Subsequently, on March 19, 1984, plaintiff received a demand constituting a penalty and interest due as a result of the disallowance of the tax credit claimed. Among other things, the defendant asserts that since the imposition of the penalties and interest did not occur until 1984, it would be impossible for a claim to relate back to 1982. The imposition of the penalties and interest in 1984 was merely the damage which was alleged to have been incurred as a result of the 1982 malpractice. In the sequence of the events, therefore, the 1984 date is of no significance. Plaintiff now seeks to amend its complaint to include a cause of action for both negligence and malpractice, although the Statute of Limitations for both causes of action has expired. Plaintiff contends that these claims relate back to the original claim and thus the Statute of Limitations may not be interposed as a viable defense.
Plaintiff is correct in his contention that leave should be freely given to amend a complaint (CPLR 3025 [b]); however, when the Statute of Limitations has expired, a different problem arises. CPLR 203 (e) states: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” The question here is whether the defendant had notice of the transactions or occurrences to be proved by the plaintiff pursuant to the plaintiff’s amended pleading.
Our research finds nothing directly in point on the facts of this case; however, there have been similar questions of law presented in the past.
In the case of Cerrato v Crown Co. (58 AD2d 721), the Appellate Division allowed the amendment of the pleadings which alleged a different legal theory of recovery because the allegations were based on the same facts. The court went on to say, "There is a relation back as long as the earlier pleading gives the adverse party sufficient notice of the transactions out of which the new claims arise.” (See also, Bilhorn v Farlow, 60 AD2d 755, which permitted the amendment relating back to the original cause of action.)
The question here which must be determined is whether the defendant had sufficient notice of the transaction out of which the new claim arises. The plaintiff’s new cause of action is certainly an offshoot of the original cause of action. Defen *628 dant, as an experienced tax consultant, certainly was aware that if this tax credit was disallowed, the plaintiff would be charged with interest and penalties by the State.
The cases speak of sufficient notice. Webster’s New Collegiate Dictionary (Merriam Co. 1979) defines sufficient as enough to meet the needs of a situation or a proposed end. Applicable synonyms of "sufficient” are "adequate” and "enough”. Defendant certainly had sufficient notice of the transaction. He gave the advice and applied for the credit. It certainly appeared to be logical that if this credit was subsequently disallowed, not only would the State want the money back, but there would be interest and penalties for its previous use. The defendant was aware of the application for a tax credit, and the penalty and interest arose out of the previous application.
The amended complaint in the form annexed to the moving papers shall be deemed served when a copy of this order with notice of entry is served upon defendant’s counsel.