■ STEVEN M. AVERY et al., Respondents, v STEPHEN SHULMAN, Individually and as an Officer of I. SHULMAN & SONS, INC., et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Crew III, J.), entered December 19, 1989 in Chemung County, which, inter alia, granted plaintiffs' motion for leave to serve an amended complaint.

Plaintiffs seek to recover damages for injuries allegedly sustained as a result of their exposure to polychlorinated biphenyls (hereinafter PCBs). According to the complaint, defendant Stephen Shulman and/or employees of defendant I. Shulman & Sons, Inc. (hereinafter defendant) removed several electrical transformers from a building owned by defendant American La France, Inc., and during the removal process PCB-laden oil was dumped or spilled onto the roof of the building. The transformers were taken to defendant's scrap yard where they were set on fire by defendant's employees. Plaintiffs allege that on July 24, 1982 they were exposed to PCBs when, as members of the local fire department, they responded to a report of a fire at defendant's business. Approximately one year later, on July 12, 1983, plaintiffs responded

to a fire at the American La France building, where they were again allegedly exposed to PCBs. Plaintiffs allege that they discovered their injuries in 1984 and they commenced this action in October 1985, seeking to recover damages based upon negligence in causing plaintiffs' exposure to PCBs at both defendant's scrap yard and the American La France building. In August 1989 plaintiffs moved for permission to amend their complaint to add a cause of action based upon General Municipal Law § 205-a. Defendants cross-moved to dismiss that portion of the complaint seeking to recover damages based upon plaintiffs' exposure to PCBs on July 24, 1982, upon the ground that the three-year Statute of Limitations had expired. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, resulting in this appeal by defendants.

Turning first to the Statute of Limitations issue, we agree with defendants that insofar as plaintiffs' action seeks damages based upon their exposure to PCBs on July 24, 1982, it is barred by their failure to commence the action within the three-year period specified by CPLR 214. By enacting CPLR 214-c in 1986, the Legislature abandoned the old date-of-injury rule and adopted a rather complicated date-of-discovery rule for virtually all toxic torts (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214-c:6, at 638-639). Pursuant to CPLR 214-c (6), however, the new date of discovery rule is not applicable where, as here, the tortious act occurred prior to July 1, 1986, the injury caused by that act was discovered prior to July 1, 1986 and the applicable period of limitation expired prior to July 1, 1986. Along with CPLR 214-c, the Legislature enacted a revival statute which opened a one-year window for actions previously barred under the old date-of-injury rule where the injuries were caused by five specific toxic substances (L 1986, ch 682, § 4). PCBs, however, are not included in the toxic tort revival statute. Plaintiffs' action based upon their July 24, 1982 exposure to PCBs at defendant's scrap yard, which is separate and distinct from the subsequent exposure at the American La France building, is timebarred under the old date-of-injury rule and neither the new date-of-discovery rule nor the revival provisions are applicable to this case. Defendants' cross motion should, therefore, have been granted.

As to plaintiffs' motion to amend their complaint, we see no abuse of discretion in Supreme Court's decision to permit plaintiffs to add a cause of action based upon General Municipal Law § 205-a (see, CPLR 3025 [b]). Because the original

complaint gave defendants sufficient notice of the transaction out of which the new claim arose, the proposed amendment is not barred by the six-year Statute of Limitations for a cause of action based upon General Municipal Law § 205-a, which expired after the original complaint had been served but before plaintiffs sought to amend the complaint (see, CPLR 203 [e]; *Bilhorn v Farlow,* 60 AD2d 755). In the absence of any claim of surprise or prejudice, the motion to amend was properly granted (see, *Ramundo v Town of Guilderland,* 108 AD2d 995, 996).

Order modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion; cross motion granted and amended complaint dismissed insofar as it seeks to recover damages for injuries sustained as a result of plaintiffs' exposure to polychlorinated biphenyls on July 24, 1982; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.