■ WILLIAM LOMBARDO, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents. [648 NYS2d 658] —In an action, *inter alia,* to recover damages for negligent infliction of emotional distress based upon the fear of contracting Acquired Immune Deficiency Syndrome, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 1, 1995, as permitted the defendants to amend their answer to assert the affirmative defense of culpable conduct, denied the plaintiff's cross motion for a protective order, and directed the plaintiff to submit to a third HIV-antibody test.

Ordered that the appeal from that portion of the order which directed the plaintiff to submit to a third HIV-antibody test is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed, without costs or disbursements.

The plaintiff, an undertaker, commenced this action to recover damages for emotional distress caused by his fear of developing Acquired Immune Deficiency Syndrome (hereinafter AIDS) after he allegedly pricked his finger on the remnants of a syringe concealed within the shroud of a patient who died

of the disease. The plaintiff tested negative for the virus which causes the disease two months and again five months after the alleged exposure to the virus. The Supreme Court granted the defendants' motion to compel the plaintiff to submit to a third HIV-antibody test. Upon the argument of this appeal, the parties indicated that the plaintiff subsequently submitted to the test. Thus, the appeal from that portion of the order is dismissed as academic.

In any event, the plaintiff's claim that he should not be compelled to undergo another HIV-antibody test is governed by this Court's opinion and order in *Brown v New York City Health & Hosps. Corp.* (225 AD2d 36 [decided herewith]). This Court determined that, because a plaintiff who tests negative for HIV six months after the alleged exposure to the virus can be reasonably assured that he was not infected, a continuing fear of developing AIDS after that six-month period is unreasonable, unless the plaintiff tests HIV positive. Thus, here, we would modify the order by deleting the provision requiring the plaintiff to submit to an HIV-antibody test and substituting a provision limiting the plaintiff's claim for emotional distress to those damages suffered during the first six months following his potential exposure to HIV on August 6, 1992, unless the plaintiff presented evidence that he tested positive for HIV.

The court did not improvidently exercise its discretion in permitting the defendants to amend their answer to include an affirmative defense of "culpable conduct" (*see,* CPLR 3025 [b]; *Mitchell v City of New York,* 44 AD2d 852). Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.