■ KOREY TAORMINO et al., Respondents, v STATE OF NEW YORK et al., Appellants. [729 NYS2d 757] —In a claim to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Court of Claims (Silverman, J.), dated July 12, 2000, as denied those branches of their motion for summary judgment which were to dismiss the claim for damages for negligent infliction of emotional distress asserted on behalf of Korey Taormino, and limit the damages recoverable by Debra Meyer on her claim for negligent infliction of emotional distress to a six-month period after October 28, 1997.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the above-stated branches of the defendants' motion are granted, the claim for damages based on negligent infliction of emotional distress asserted on behalf of Korey Taormino is dismissed, and Debra Meyer's claim for damages for negligent infliction of emotional distress is limited to those damages incurred, if any, in the six-month period after October 28, 1997.

The claimant Debra Meyer alleged that both she and her two-year-old son, Korey Taormino, were pricked by a needle hidden in the bedding of his crib while he was a patient at Stony Brook University Hospital Medical Center on October 28, 1997. She filed a claim against the defendants (hereinafter collectively referred to as the State) to recover damages for physical and emotional injuries, including emotional distress due to the fear of contracting AIDS or other infectious diseases.

The State's motion for summary judgment should have been granted insofar as it sought to dismiss Korey's claim to recover damages for negligent infliction of emotional distress. The record fails to demonstrate that he suffered any emotional distress from the needle prick itself. While a claim for negligent infliction of emotional distress may be maintained based on the breach of a duty which causes fear of contracting AIDS (*see, Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 44), we reject the claimants' contention that a two-year-old child may be fearful of contracting AIDS.

We decline to consider the State's contention that Korey's claim for damages based on physical injury should be dismissed on the ground that he would be entitled, at most, to nominal damages, as that contention was improperly raised for the first time in the State's reply brief (*see, Morgan v New York City Hous. Auth.*, 255 AD2d 565; *Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors*, 243 AD2d 630).

The State correctly concedes that it failed to establish its entitlement to summary judgment dismissing Meyer's claim to recover damages for the negligent infliction of emotional distress based on her fear of contracting AIDS. However, as she has tested negative for HIV, we agree with the State that, in the event she prevails on her claim, her damages are limited to those incurred, if any, in the six months immediately following the alleged exposure (*see, Lombardo v New York Univ. Med. Ctr.*, 232 AD2d 459; *Brown v New York City Health & Hosps. Corp., supra*). Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.