■ CHARLES DAMANTI et al., Respondents, v JAMAICA COMMUNITY ADOLESCENT PROGRAM, Appellant. [784 NYS2d 570]—

In an action, inter alia, to recover damages for emotional distress, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated May 12, 2003, as, upon renewal, adhered to a prior determination in an order dated February 6, 2002, denying its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 20, 1997, the plaintiff Charles Damanti, a paramedic, was called to the defendant's premises to treat a patient who was suffering a seizure. Damanti was told that the patient had the human immunodeficiency virus (hereinafter HIV). As Damanti was treating the patient, a registered nurse employed by the defendant accidently punctured his hand with a needle containing the patient's blood. Over the course of the next 16 months, Damanti tested negative for HIV on approximately six occasions. In February 1999, Damanti was tested again. The initial screening portion of the test, called an "EIA" exam, yielded a positive result, while the second part of the test, called a "Western Blot" exam, produced a negative result. Damanti was subsequently retested and, in April 1999, he was informed that the results were negative.

Damanti and his wife subsequently commenced this action against the defendant, inter alia, to recover damages for emotional distress based on Damanti's fear of contracting acquired immunodeficiency syndrome (hereinafter AIDS). The defendant moved for summary judgment limiting the period for

which the plaintiffs could recover damages to the period six months immediately following his exposure to the virus. By order dated February 6, 2002, the Supreme Court denied the motion without prejudice and stayed the action pending the resolution of certain bankruptcy proceedings involving the defendant's insurance carrier. Subsequently, the defendant moved for leave to renew, and upon renewal, the court denied the motion, holding that the plaintiffs could seek damages both for the six-month period immediately following the exposure and "for any period of time between February 1999 and April 1999 that Damanti was actually aware that there existed a positive, albeit ultimately false, test result." We affirm.

For the first six months following actual exposure to the HIV virus, a plaintiff's fear of developing AIDS will be held to be reasonable even in the absence of proof of actual infection with the virus (*see Brown v New York City Health & Hosps. Corp.*, 225 AD2d 36, 47 [1996]). That fear, however, becomes unreasonable if the plaintiff continues to test negative for HIV antibodies more than six months after the exposure (*id.* at 47-48).

In the case at bar, the defendant established its prima facie entitlement to partial summary judgment by submitting evidence that Damanti never conclusively tested positive for the HIV virus "under both the 'EIA' and the 'Western Blot' tests" (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, however, Damanti raised an issue of fact as to whether his fear of developing AIDS was reasonable during the period from when his physician informed him that the "EIA" exam had produced a positive result until retesting confirmed the absence of HIV antibodies. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.