■ THERESA CONSOLE, Respondent, v WYCKOFF HEIGHTS MEDICAL CENTER, Defendant, and LOUIS REZNICK, Appellant. [798 NYS2d 114]—

In an action to recover damages for medical malpractice, the defendant Louis Reznick appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County

(Dollard, J.), dated February 7, 2004, as granted that branch of the plaintiff's cross motion which was for summary judgment on the claim of medical malpractice insofar as asserted against him concerning his failure to place or procure a heplock during his visit to the plaintiff on the morning of July 15, 1997.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established her prima facie entitlement to judgment as a matter of law on her claim that the failure of the defendant Dr. Louis Reznick to have placed or procured a heplock (a peripheral intravenous line) during his visit on the morning of July 15, 1997, amounted to medical malpractice and caused her ensuing injuries (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff demonstrated through the affirmation of an expert that it was a departure from accepted standards of medical care for Dr. Reznick to have failed to have placed or procured a heplock by the morning of July 15, 1997, that a heplock was, in fact, not placed in her, and that this departure was a substantial cause of her injuries. The burden then shifted to Dr. Reznick to raise a triable issue of fact, but he failed to do so (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York, supra*). Dr. Reznick's claim that timely attempts to place the heplock had been unsuccessful was not substantiated by the medical records or by any person with knowledge of the facts. Rather, it was based on speculation, conjecture, and lack of recollection of two other physicians, one of whom was employed by the co-defendant hospital (*see Zuckerman v City of New York, supra*).

Accordingly, the Supreme Court correctly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against Dr. Reznick for his failure to have placed or procured the heplock during his visit on the morning of July 15, 1997. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.