■ EVELYN JONES CULPEPPER, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [818 NYS2d 544]—

In an action to recover damages for breach of contract, the defendant Allstate Insurance Company appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered August 18, 2005, which, upon an order of the same court dated August 3, 2005, granting that branch of the plaintiff's motion which was for summary judgment, is in favor of the plaintiff and against it in the principal sum of $75,000, plus interest from July 9, 2004.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding interest from July 9, 2004; as so modified, the judgment is affirmed, with costs to the plaintiff.

The proceedings in this case arose from an automobile accident which occurred on March 24, 2000. Before the trial of the plaintiff's action against the tortfeasor, Lindburg McAlister, in an action entitled *Culpepper v McAlister*, in the Supreme Court, Queens County, under index No. 448/2001 (hereinafter the underlying action), McAlister conceded liability in exchange for the plaintiff's agreement not to seek recovery against him personally in excess of his liability policy limit, $25,000. The

plaintiff also had supplemental underinsured motorist (hereinafter SUM) coverage in the amount of $100,000. The defendant in the current action, Allstate Insurance Company (hereinafter Allstate), was both McAlister's liability insurer and the plaintiff's SUM carrier. It, too, agreed, in exchange for McAlister's concession of liability, not to seek recovery against McAlister for amounts it would pay to the plaintiff under her SUM coverage.

Thereafter, a trial was held on the issue of damages only, at which McAlister was represented by an attorney supplied by Allstate; the jury awarded the plaintiff damages in the sum of $115,000. After Allstate paid the judgment to the plaintiff at the limit of McAlister's policy, the plaintiff sought recovery from Allstate under her policy's SUM provisions, but Allstate, for reasons not specified in the record, did not pay her claim. The plaintiff then instituted this action against Allstate alleging breach of contract.

The plaintiff, inter alia, moved for summary judgment, arguing that Allstate was collaterally estopped from contesting the issue of damages. In support of her motion, the plaintiff met her prima facie burden of establishing that the sole issue litigated at the trial of her personal injury action against McAlister and decided in her favor was the same issue the defendant Allstate sought to litigate in the instant action (*see Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 73 [1969]). In response, Allstate failed to raise a triable issue of fact as to whether it had a full and fair opportunity to litigate the issue of damages in the prior action (*id.*). In the trial on damages only in the underlying action, Allstate's interest and McAlister's interest did not diverge and Allstate was the only entity with a financial risk in that action. Consequently, Allstate was in privity with McAlister on the issue of Culpepper's damages for purposes of collateral estoppel (*see Buechel v Bain,* 97 NY2d 295, 303-305 [2001], *cert denied* 535 US 1096 [2002]; *see generally* Siegel, NY Prac § 458, at 770-772 [4th ed]; 22 Holmes' Appleman on Insurance § 136.9, at 72-73 [2d ed]). Additionally, the amounts at issue in the earlier action and in this action are not so divergent that the first action could be considered to have been for "trivial stakes" (*Goepel v City of New York,* 23 AD3d 344, 345 [2005]). Under these circumstances, the Supreme Court properly determined that Allstate was collaterally estopped from contesting the issue of damages in this action and granted the plaintiff's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Console v Wyckoff Hgts. Med. Ctr.,* 19 AD3d 637, 638 [2005]).

The action is based upon one to recover damages for personal injuries, for which prejudgment interest is not available (*see* CPLR 5001 [a]; *cf. Gillespie v Great Atl. & Pac. Tea Co.*, 26 AD2d 953 [1966], *mod on other grounds* 21 NY2d 823 [1968]). Accordingly, the Supreme Court erred in awarding prejudgment interest to the plaintiff.

Allstate's argument that it should have been given an opportunity in this action to contest the issue of McAlister's liability was not raised in the Supreme Court or in the appellant's main brief on appeal; because it has been raised for the first time in its reply brief, it is not properly before this Court (*see Taormino v State of New York*, 286 AD2d 490, 491 [2001]). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.