■ BARTOLO LOPEZ, Respondent, v BETH ISRAEL MEDICAL CENTER, Appellant. [847 NYS2d 625]—

In an action to recover damages for negligent infliction of emotional distress, the defendant appeals from an order of the

Supreme Court, Kings County (Vaughan, J.), dated November 15, 2006, which denied its motion for partial summary judgment limiting the damages recoverable by the plaintiff to the period commencing March 19, 2001, and ending April 3, 2001, and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of liability and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed, without costs or disbursements.

On September 25, 2000 the Social Security Administration (hereinafter the SSA) denied the plaintiff's application for supplemental Social Security income stemming from a kidney condition for which he was previously treated at the defendant Beth Israel Medical Center in September 1999. In its written decision, the SSA indicated, inter alia, that the plaintiff's medical records from the defendant revealed that he was HIV positive. The plaintiff was, in fact, HIV negative, and the medical records referenced by the SSA were actually those of another, unrelated individual who had tested positive for the HIV virus while at the defendant hospital.

On March 19, 2001 the plaintiff's then-attorney, relying on the September 25, 2000 SSA decision, apparently informed the plaintiff that he was HIV positive. The plaintiff, who had never previously been tested for HIV immediately underwent blood testing. On April 3, 2001 blood tests concluded that the plaintiff was HIV negative.

On or about March 6, 2002 the plaintiff commenced this action seeking to recover damages for his alleged emotional and psychological distress resulting from the defendant's alleged negligence in falsely reporting to the SSA that he was HIV positive. The defendant moved for partial summary judgment, seeking to limit the damages recoverable by the plaintiff to the period commencing March 19, 2001, contending that the plaintiff's fear of contracting AIDS was no longer reasonable following the negative test results on April 3, 2001, and the absence of any actual exposure to the HIV virus. The plaintiff opposed the motion, contending that no time limitation should be placed on the damages he could recover. The plaintiff also cross-moved for and was granted summary judgment on the issue of liability.

Since a fair reading of the plaintiff's complaint indicates that he does not seek to recover damages based on any fear of contracting AIDS, nor has he alleged any actual exposure to the HIV virus, the court properly denied the defendant's motion at-

tempting to place a time limitation on the damages recoverable by the plaintiff (*cf. Damanti v Jamaica Community Adolescent Program,* 12 AD3d 341 [2004]; *Taormino v State of New York,* 286 AD2d 490 [2001]; *Lombardo v New York Univ. Med. Ctr.,* 232 AD2d 459 [1996]).

However, as the defendant correctly contends, the plaintiff's cross motion should have been denied as the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law (*see Baez v Sugrue,* 300 AD2d 519, 520 [2002]; *Slotkin v Mercedes-Benz of N. Am.,* 269 AD2d 588, 589 [2000]). We note that the defendant never sought summary judgment on the issue of liability, and we do not pass upon the merits of any such motion herein. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur.