Moso Realty Group, L.P. v Convermat Paper Corp. (2018 NY Slip Op 06732)





Moso Realty Group, L.P. v Convermat Paper Corp.


2018 NY Slip Op 06732


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-04422
 (Index No. 607382/15)

[*1]Moso Realty Group, L.P., appellant,
v
Convermat Paper Corp., et al., respondents.


Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller and David Gise of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered March 25, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion pursuant to CPLR 3211(a)(7) which was to dismiss the complaint insofar as asserted against the defendants Convermat Corporation, Frank Farzad Shahery, and Shaw Shahery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a landlord, entered into a lease for commercial premises with the defendant Convermat Paper Corp. (hereinafter CPC) in August 2004, for a 10-year term commencing January 1, 2005, and ending December 31, 2014. The defendants Frank Farzad Shahery and Shaw Shahery were CPC's principals, as well as the principals of a related corporate entity, the defendant Convermat Corporation (hereinafter CC). CPC was dissolved as of December 29, 2004. However, CC, which also operated from the subject premises, paid CPC's rental obligations until it ceased to do so as of November 2013. At some point in 2013, one of the individual defendants had advised the plaintiff that the defendants would be vacating the premises. The plaintiff ultimately obtained a money judgment against CPC in a commercial holdover proceeding in the principal sum of $150,961.22, of which $121,019.74 was for unpaid rent.
The plaintiff then commenced this action against CPC, CC, and the Shaherys, asserting causes of action sounding in breach of the lease, fraudulent inducement, use and occupancy, and unjust enrichment. At the crux of this action is the plaintiff's attempt to hold CC and the Shaherys liable upon theories of alter-ego and piercing the corporate veil with respect to CPC in order to enforce the holdover proceeding money judgment against them. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against CC and the Shaherys, and the second through last causes of action insofar as asserted against CPC. The Supreme Court, inter alia, granted that branch of the motion which was to dismiss the complaint insofar as asserted against CC and the Shaherys. The plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against CC and the Shaherys. Accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the complaint failed to alleged facts sufficient to establish that either the Shaherys or CC was CPC's alter ego, that the Shaherys abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff (see Damianos Realty Group, LLC v Fracchia, 35 AD3d 344), or that the Shaherys executed the lease on behalf of CPC after it was dissolved which would otherwise make the Shaherys responsible for CPC's obligations incurred under the lease (cf. 80-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d 872, 873-874).
The contention that the Supreme Court should not have granted dismissal of the cause of action alleging unjust enrichment insofar as asserted against CPC is improperly raised for the first time in the plaintiff's reply brief (see Culpepper v Allstate Ins. Co., 31 AD3d 490; Williams v City of White Plains, 6 AD3d 609).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court