OPINION OF THE COURT
Shanley N. Egeth, J.
This is a renewal of a prior motion by the plaintiff, Mary Williams, for leave to amend her complaint against the defendants to include allegations that a bilateral radical mastectomy was performed upon her without her informed consent. The defendant, Dr. Cordice, opposes this motion on the grounds that the Statute of Limitations applicable to the cause of action has expired and the claim is barred; and further, that the motion papers are procedurally deficient in that they do not include a physician’s affidavit.
FACTS & ALLEGATIONS
On June 4, 1973, the plaintiff entered Hillcrest General *427 Hospital for a diagnostic procedure: the removal of a biopsy specimen from her left breast. The plaintiff alleges that between June 4 and June 13 she had specific conversations with Dr. Cordice wherein he promised her that no radical surgery would be performed unless there was a clear and absolute diagnosis of cancer based upon a review of the biopsy. In due course, the plaintiff was then informed that an unequivocal diagnosis of cancer was made, and a bilateral radical mastectomy was recommended predicated upon the opinion that the malignancy would otherwise spread and ultimately prove fatal. The plaintiff therefore consented to the surgery, and it was performed.
The plaintiff claims recent discovery discloses that the diagnosis of cancer was incorrect. She asserts that in actuality she never had cancer; that she only has a fibroadenoma; and that the biopsy study was at best equivocal as to the existence of cancer.
LEAVE TO AMEND PLEADING
The plaintiff’s motion is made pursuant to CPLR 3025 (subd [b]) which provides that leave to amend a pleading should be freely granted unless the opposing party would sustain prejudice. Where, however, a matter sought to be added by amendment is palpably insufficient on its face, a court should exercise its discretion and deny an application for leave to amend (Raymond v Ormsby, 54 AD2d 1021; Beck v Motler, 42 AD2d 1020; East Asiatic Co. v Corash, 34 AD2d 432).
The defendant contends that the cause of action set forth in the proposed amended pleading constitutes a battery which is subject to a one-year Statute of Limitations (CPLR 215, subd 3). The plaintiff disputes this insisting that the proposed cause of action is, in essence, one for malpractice or negligence which is subject to a three-year (now 2 Vi year) Statute of Limitations.
It is clear that the motion to amend the pleading must be denied if on its face the cause of action is barred by the applicable Statute of Limitations. A claim in battery would be time barred based upon the allegations of the proposed pleading, but a cause of action based upon malpractice or negligence would not be.
*428 ISSUE: BATTERY OR MALPRACTICE
In recent years we have witnessed a litigation explosion in the area of medical malpractice. As a concomitant, a developing usage and linkage to malpractice has arisen respecting causes of action based upon the doctrine of informed consent or, to state it more accurately, a lack of informed consent. The true essence and nature of this cause of action has been the troublesome subject of changing judicial, text and legislative definition (see Harvey, Medical Malpractice, 1973, The Allen Smith Co., § 24, p 58; Prosser, Torts [4th ed], § 18, pp 105-106; Public Health Law, § 2805-d).
In 1914, Mr. Justice Cardozo of our Court of Appeals determined that a surgeon who performed an operation without a patient’s consent committed an assault and battery (Schloendorff v Society of N. Y Hosp., 211 NY 125). Since then it has been consistently held that performance of a surgical procedure without the patient’s consent constituted an assault or a battery. (See Darrah v Kite, 32 AD2d 208; Pearl v Lesnick, 20 AD2d 761, affd 19 NY2d 590; McCandless v State of New York, 3 AD2d 600, affd 4 NY2d 797.) Many assumed that a consent induced by omitted or misstated necessary information was akin to one based upon no information, thereby resulting in a nonconsensual procedure, and thus creating an assault or a battery. Recently, however, this doctrine has been judicially refined and redefined under circumstances when the offensive conduct is tied to other claimed acts of malpractice or medical negligence, or the claim arises from facts from which a malpractice or negligence action springs.
The prevalent attitude, with which this court concurs, is expressed in the recent decision of the Appellate Division, Second Department, in Murriello v Crapotta (51 AD2d 381). There, the court stated: "A breach by a doctor of his professional duty to properly inform his patient is more akin to malpractice, even though the uninformed consent might lead to the commission of a technical assault and battery” (51 AD2d, at p 383) and "a patient’s right and a doctor’s obligation to divulge information reasonably is a test more related to negligence and/or malpractice than to assault and/or battery. Intent to do injury is an essential element in an assault and battery action. The plaintiff herein makes no such allegation. Where, however, the patient is advised as to the nature and extent of the operation, but is not adequately apprised of *429 the risks involved, the cause of action is in malpractice” (51 AD2d, at p 382).
That court therefore held that the malpractice, rather than the assault or battery, Statute of Limitations was applicable to the cause of action. The same court reiterated the same position in Hodada v Lippert (64 AD2d 691).
A court must scrutinize the actual facts and theory of the claim to determine from its true nature which Statute of Limitations is applicable. In the instant case, the first cause of action of the complaint alleges a cause of action for negligence and malpractice based upon a faulty diagnosis. The cause of action attempted to be asserted by amendment claims a lack of informed consent based upon the very same faulty diagnosis. The surgery in question was not undertaken without any consent by the patient. The defendants did not intend to inflict any injury or impermissible procedure upon the plaintiff. The patient gave consent to surgery, but it was given based upon a claimed misrepresentation of fact predicated upon a faulty diagnosis.
No meaningful distinction is created when a patient authorizes surgery following a physician’s culpable omission or his negligent misstatement of particular necessary facts while disclosing reasonable necessary alternatives or risks to proposed treatment or procedures to enable the patient to make a knowledgeable evaluation. In either case, the consent to the treatment or procedure has been elicited as a result of the failure of the physician to supply the patient with required information while in the process of discharging his obligation to so do. Such failure constitutes an act of negligence or malpractice, rather than an assault or battery which would result from a totally nonconsensual exercise of dominion over the body of the patient.
Despite the defendant’s claims to the contrary, this court finds that the offensive acts complained of in the proposed pleading fall within the letter and the spirit of the new statutory definition of "informed consent” which is presently set forth in section 2805-d (subd 1) of the Public Health Law. The defective diagnosis resulted in a failure to properly disclose reasonable alternatives and foreseeable risks in relation to the surgery undertaken. This statute represents an attempt to provide a simpler definition of existing, but oftimes confusing, case law. The treatment of a breach of required disclosure as an additional facet of a malpractice action is consistent *430 with the prevailing practice accepted by the Bench and Bar (see PJI, § 2:150A, and the discussion therein).
Therefore, the true essence of the proposed cause of action is in negligence or mlapractice, rather than battery, and the longer Statute of Limitations is applicable.
NECESSITY OF MEDICAL AFFIDAVIT
The defendant asserts that the moving papers are deficient because of the failure of the plaintiff to include an affidavit from a medical expert attesting to the insufficiency of the attempt to make the disclosures necessary for an informed consent.
To support this proposition, the defendant notes that as part of the legislative scheme of recent statutory enactments dealing with medical malpractice, the Legislature enacted CPLR 4401-a to supplement section 2805-d of the Public Health Law.
The CPLR provision mandates a judgment of dismissal at the end of the plaintiff’s case as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to produce expert medical testimony in support of the alleged qualitative insufficiency of the consent.
The defendant also argues that the decision of Cushman & Wakefield v John David, Inc. (25 AD2d 133) requires that a party seeking to amend a complaint must submit the same type of affidavits as are necessary upon a motion for summary judgment in order to make an evidentiary demonstration of appropriate grounds to support his cause of action. It is therefore contended that, since medical expert testimony is now required by CPLR 4401-a at trial as part of the plaintiff’s prima facie case, the failure to supply a medical expert’s affidavit would be fatal on a motion for summary judgment or one for leave to serve an amended pleading. To further support this proposition, the defendant cites Floria v Cook (59 AD2d 771), and cases cited therein which hold that a conclusionary affidavit by a patient is insufficient to serve as an affidavit of merits when an issue involving medical expertise is involved.
While this "Rube Goldberg-like” attempt to fashion a theory based upon disparate and unrelated principles may have some simplistic superficial appeal, the argument is untenable. It *431 would impose an undue oppressive burden on the plaintiff at this stage of the proceedings.
It should be first noted that the amended pleading in Cushman & Wakefield v John David, Inc. (25 AD2d 133, supra) involved an attempt to plead over pursuant to CPLR 3211 (subd [e]) after the original pleading had been stricken as legally insufficient pursuant to CPLR 3211 (subd [a]). A different standard of pleading and proof is required to cure the prior defect or insufficiency than that which would be required pursuant to CPLR 3025 (subd [b]) where the statute itself mandates that leave "shall be freely given.” The Cushman & Wakefield decision was designed to cure a different loose practice not involved in this case.
Even upon a motion for summary judgment, a party is not required to supply all available evidentiary matter or documentation of a position if a triable issue can reasonably be raised from the affidavits submitted. The requirements of proof at trial mandated by the new CPLR 4401-a have not yet been extended so as to constitute an additional condition precedent to the liberally available right to procure relief pursuant to CPLR 3025 (subd [b]).
It is parenthetically noted, in addition, that under the facts of the instant application we are not concerned with the normally vexing problem of what type of information is required to be disclosed to comply with the statutory informed consent mandate. CPLR 4401-a recognizes that the question of what must be disclosed is an issue requiring medical expertise which is beyond the ken of a layman. In the instant case, the first malpractice cause of action alleges a negligent misdiagnosis of cancer, which it is claimed was not in existence. There is no dispute that the existence or nonexistence of cancer was an essential subject of prior disclosure. The defendant recognized this and attempted to comply with his disclosure obligation. Here, in so doing, the defendant is alleged to have negligently given erroneous misinformation constituting a lack of informed consent. The moving papers adequately set forth this claim. An affidavit of an expert physician, specifying what type of disclosure is necessary, is superfluous and of no benefit in connection with the issues inherent in this motion.
The defendant’s claim of prejudice resulting from the granting of this motion is totally specious. The operative probative facts which must be proven to establish the proposed second cause of action are virtually identical, medically *432 speaking, to those required to establish the already pleaded first cause of action. The defendant has had all the knowledge required to defend either cause of action. The mere fact that the Statute of Limitations would now have run had the cause of action just been commenced de novo, does not constitute legal prejudice which would bar entitlement to the relief sought (Cerrato v Crown Co., 58 AD2d 721; Palmer v New York City Tr. Auth., 37 AD2d 766).
Plaintiffs motion for leave to serve the amended complaint is therefore granted.