714 So.2d 739 (1998)
Hazel F. DOMINICK
v.
REHABILITATION HOSPITAL OF NEW ORLEANS, et al.
No. 97-CA-2310.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1998.
*740 Dennis S. Mann, Michelle D. Robert, Howard, Laudumiey, Mann, Reed & Hardy, New Orleans, for Plaintiff/Appellant.
Kym K. Keller, Deutsch, Kerrigan & Stiles, New Orleans, for Defendant/Appellee.
Before BARRY, WALTZER and LANDRIEU, JJ.
BARRY, Judge.
Plaintiff appeals the dismissal of her medical malpractice action based on an exception of prematurity. The issue is whether the claim is covered by the Louisiana Medical Malpractice Act which requires that it be submitted to a medical review panel. We affirm.

Facts
Hazel Dominick filed a petition for damages against the Rehabilitation Hospital of New Orleans and its liability insurer. The amended petition names defendant as NME Hospitals, Inc. d/b/a F. Edward Hebert Hospital Rehabilitation Institute of New Orleans at F. Edward Hebert Hospital. The petition alleges that on September 15, 1994 Dominick was receiving physical therapy, was walking with the aid of a small walker and a physical therapist, and slipped on the wet floor in a hospital kitchen. Dominick alleged the following acts of negligence by the hospital: 1) failing to maintain the premises in a reasonably safe condition; 2) failing to warn her of the dangerous condition; 3) failing to issue a suitable walker (size and sturdiness) and 4) failing to adequately instruct her on the use of the walker.
The hospital filed an exception of prematurity. It argued that it is a qualified health care provider, that Dominick alleged malpractice, and that the Louisiana Medical Malpractice Act requires that the claim be submitted to a medical review panel. In support of its exception, the hospital submitted a copy of its certificate of enrollment with the Louisiana Patients' Compensation Fund.
The trial court held that "all of plaintiff's claims fall under the Medical Malpractice Act," granted the exception and dismissed Dominick's claim without prejudice.

Analysis
Dominick argues she was not undergoing physical therapy and the hospital was not rendering a health care service when she fell. She also argues that the petition "as a whole" is not based on malpractice, rather, it asserts slip and fall. Finally, Dominick submits that the walker is not a prosthetic device.
La. R.S. 40:1299.41(A)(8) defines malpractice as
any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, ... and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
Health care is
any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement.
La. R.S. 40:1299.41(A)(9).
When one or more alternative theories of liability is covered by the Act, courts generally apply the procedure set forth in the Act. Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir. 1979) involved a suit for damages when a patient died from a staph infection contracted during coronary bypass surgery. The trial court overruled the hospital's exception of prematurity. The First Circuit reversed and held that the Act applied because "treatment" and thus "health care" includes furnishing a clean and sterile environment. The court rejected plaintiff's argument that the Act did not apply because the hospital was being sued as a premises owner rather than health care provider and because the hospital *741 could be strictly liable under La. C.C. arts. 2317 and 2322.
A plaintiff cannot control the progress and procedure of his claim by semantically designating one capacity of two or more belonging to the defendant as the desired one when the statute requires a procedure if the claim fits within its definition. That the duty breached is owed by an owner does not prevent the claim from being one against a health care provider and so subject to the procedure in the Act.
Cashio, 378 So.2d at 184-185.
Cashio held that if a defendant's conduct can reasonably be said to be within the definitions of the Act, it should be handled pursuant to the procedure of the Act "even though there may be alternative theories for liability." Id. at 185.
This Court and the Second Circuit applied that reasoning in cases based on a defective prosthetic device. Huffaker v. ABC Insurance Co., 94-2345 (La.App. 4 Cir. 7/26/95), 659 So.2d 544; Rogers v. Synthes, Ltd., 626 So.2d 775, 777 (La.App. 2d Cir.1993). The plaintiff in Rodgers sued the manufacturer of a prosthesis and the medical center where it was surgically implanted, alleging general tort, products liability, and failure to warn. In Huffaker, the plaintiff's claims against Tulane University Medical Center based on the surgically implanted prosthesis included negligent design and manufacture, failure to warn, breach of warranty, and products liability. Because "malpractice" includes "all legal responsibility of a health care provider arising ... from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient," La. R.S. 40:1299.41(A)(8), the claims were covered by the Act even though alternative theories of recovery were alleged.
Dominick attempts to distinguish Rodgers and Huffaker because they involved prosthetic devices. The same reasoning applies, however, whether the complained of action involves a prosthetic device or is otherwise "malpractice" under § 1299.41(A)(8).
Dominick also attempts to distinguish Cashio, which stated that a hospital owner may be liable outside of malpractice in a slip and fall case. A claim based solely on a hospital's status as the owner or custodian of a defective thing clearly would not be covered by the Act.
In Head v. Erath General Hospital, Inc., 458 So.2d 579 (La.App. 3d Cir.1984), writ den. 462 So.2d 650 (La.1985), the plaintiff was a patient who slipped and fell on fluid which workmen were using to strip floors. He alleged the hospital's negligence caused the accident. Head rejected application of the Act based on the facts alleged:
None of the factual averments of plaintiff's petition disclose any substantial relationship between plaintiff's fall and any acts which defendant hospital should have performed on behalf of plaintiff as a patient in its facility. There is no allegation that plaintiff's accident was caused by or is in any way related to his medical treatment.
Head, 458 So.2d at 581. See also Stapler v. Alton Ochsner Medical Foundation, 525 So.2d 1182 (La.App. 5th Cir.1988), which held the Act did not apply to a patient's claim that she was injured in a slip and fall in the hospital caused by the hospital's negligent failure to remove spilled juice.
Similarly, in Sewell v. Doctors Hospital, 600 So.2d 577 (La.1992), plaintiff's claim was based solely on strict liability for a defective bed in the hospital's custody. Significantly she did not allege that any act or omission by the health care provider caused the bed to be defective or contributed to its collapse and did not allege that the defendant knew or should have known of the defect. Because a defective bed is not enumerated in the Act's definition of malpractice, the Medical Malpractice Act did not apply. Id. at 580.
Although Dominick alleged that she slipped on a substance on the floor, the facts alleged in her petition disclose a substantial relationship between her fall and the defendant's acts. Dominick's petition alleged that she was walking with the aid of the therapist and that the hospital failed to issue a walker of sufficient size and sturdiness and failed to adequately instruct her how to use the walker. The issuance of a walker, instruction to the patient on how to use the walker, and assistance walking are health care because *742 they are acts performed or which should have been performed or furnished by the health care provider to Dominick during her medical care, treatment or confinement. La. R.S. 40:1299.41(A)(9). Thus Dominick alleged an unintentional tort based on health care services rendered or which should have been rendered, i.e., malpractice. La. R.S. 40:1299.41(A)(8).
Because defendant's alleged conduct reasonably falls within the Act, it is subject to malpractice procedure even though plaintiff alleged alternative theories of liability. Cashio v. Baton Rouge General Hospital, 378 So.2d at 185.
We pretermit whether the walker is a prosthetic device and affirm.
AFFIRMED.