BARNES, J.,
 

 for the Court.
 

 ¶ 1. Angelia Chitty appeals the judgment of the Circuit Court of Washington County which granted the defendants’ motion to dismiss based upon the statute of limitations. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On January 26, 2004, Chitty went to see Dr. Joseph Terracina, a certified dermatologist, for treatment of a small red, raised spot on her cheek underneath her left eye. After examining the spot, Dr. Terracina performed a biopsy to determine whether it was cancerous. The biopsy involved Chitty’s receiving one or two stitches to close the wound. Dr. Terracina also gave Chitty a list of products to use on her face, which he sold through his business, “About Face.”
 
 [1]
 
 He instructed Chitty how to care for her incision and charged her $391 for the office visit and treatment. Chitty did not have health insurance.
 

 ¶ 3. On February 5, 2004, Dr. Terraci-na’s office informed Chitty that the spot was cancerous and that she needed to return on February 24, 2004, to have the rest of the spot removed. Chitty was also told that the cost of the procedure would be approximately $1,500 to $2,000 and that Dr. Terracina required payment in advance. On February 18, 2004, Chitty saw another dermatologist, Dr. Bologna, who removed the remainder of the spot and sent the tissue sample to Duckworth Pathology. This report concluded that her spot was not cancerous. Chitty cancelled her February 24th appointment with Dr. Terracina.
 

 ¶ 4. Chitty filed a complaint on November 22, 2006, alleging injury as a result of fraudulent conduct by Dr. Terracina. Specifically, she alleged: (1) fraud, (2) fraudulent inducement, (3) civil conspiracy, (4) medical battery, (5) intentional infliction of emotional distress, and (6) unjust enrichment. One allegation was that Dr. Terra-cina fraudulently sent the tissue to his own laboratory, The Skin Institute, yet listed another pathology laboratory in Texas as the location where the testing had been conducted.
 
 [2]
 
 Chitty also claimed that the biopsy procedure used by Dr. Terracina was unnecessary and performed without
 
 *776
 
 her consent, and that he pressured her to buy his face products sold by “About Face.” The defendants filed an answer on February 8, 2007, asserting, among other defenses, that Chitty’s complaint was time-barred. Chitty filed a request to amend her complaint on October 9, 2007, which was subsequently granted, and her amended complaint was filed on November 15, 2007. An answer to the amended complaint was filed on November 13, 2007.
 
 [3]
 
 After discovery and motion practice, the defendants filed a “Motion to Dismiss and/or for Summary Judgment” reiterating that: (1) the action was barred by the statute of limitations; (2) Chitty failed to provide written notice of her intention to file the action as required by Mississippi Code Annotated section 15-1-36(15) (Rev. 2003); and (3) Chitty did not accompany the complaint with a certificate of expert consultation as required by Mississippi Code Annotated section 11-1-58 (Supp. 2008).
 

 ¶ 5. A hearing was conducted on February 20, 2008, regarding the defendants’ motion to dismiss. On March 5, 2008, the trial court filed a judgment granting the motion to dismiss as Chitty’s complaint was filed outside the two-year statute of limitations set forth in Mississippi Code Annotated section 15-1-36(2) (Rev.2003). The court declined to address the defendants’ other issues as they were moot. On March 31, 2008, Chitty filed her notice of appeal.
 

 STANDARD OF REVIEW
 

 ¶ 6. “A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law.”
 
 Mieger v. Pearl River County,
 
 986 So.2d 1025, 1026(¶ 5) (Miss.Ct.App.2008) (citations omitted). Therefore, the trial court’s grant or denial of a motion to dismiss is reviewed de novo. “When considering a Rule 12(b)(6) motion to dismiss, the trial judge must accept the allegations in the complaint as true and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.”
 
 Id.
 
 (citation omitted).
 

 I. Whether the trial court erred in finding that all tort claims against a medical provider are subject to the two-year statutory limitation in Mississippi Code Annotated section 15-1-36.
 

 ¶ 7. The trial court dismissed Chitty’s complaint pursuant to Mississippi Code Annotated section 15-1-36(2), which states:
 

 For any claim accruing on or after July 1, 1998, and except as otherwise provided in this section,
 
 no claim in tort may be brought against a licensed physician,
 
 osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor
 
 for injuries
 
 or wrongful death
 
 arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act,
 
 omission or neglect shall or with reasonable diligence might have been first known or discovered, and, except as described in paragraphs (a) and (b) of this subsection, in no event more than seven (7) years after the alleged act, omission or neglect oceurred[.]
 

 (Emphasis added). Chitty, in her original and amended complaints, tried to distin
 
 *777
 
 guish her claims from those covered by-section 15-1-86(2) by categorizing her claims as a “business dispute” rather than medical malpractice. Chitty contends that the trial court erred in dismissing her claims pursuant to section 15-1-36(2) as they did not allege medical malpractice, and that her complaint should instead be subject to the three-year statute of limitations under Mississippi Code Annotated section 15-1-49(1) (Rev.2003).
 
 [4]
 

 ¶ 8. In its order, the trial court stated that section 15-1-36(2) was “unambiguous and that the intent of the [Ljegis-lature was to
 
 include all tort claims,
 
 including those brought by the Plaintiff, against the listed individuals, including physicians, under the two (2) year statute of limitations.” (Emphasis added). Chitty contends that the emphasized language broadens the applicability of the statute to other types of tort claims against medical providers and “would lead to untenable results.” We agree with Chitty that the trial court’s language in its holding is overly broad. This interpretation is attributable to the trial court’s omission of the statutory element which requires that the tort must “aris[e] out of the course of medical, surgical or other professional services.” The statute does not apply to “all tort claims” but only those tort claims which “aris[e] out of the course of medical, surgical or other professional services.”
 
 [5]
 
 Therefore, section 15-1-36(2) would not apply to a tort claim that did not arise out of the performance of professional services by a medical provider listed under the statute.
 

 ¶ 9. Nevertheless, quoted earlier in the trial court’s order was the exact language of the statute, leading this Court to conclude that the trial judge’s paraphrasing of the statute in its conclusion may have been merely an unintentional misstatement of the law. He simply failed to reiterate the phrase “arising out of the course of medical, surgical or other professional services.” However, even if the trial court did apply an incorrect statutory interpretation in reaching its decision, we may affirm the judgment if the court achieved the correct result and the grounds for the decision are to be found in the record.
 
 DeFoe v. Great S. Nat’l Bank, N.A.,
 
 547 So.2d 786, 788-89 (Miss.1989). Accordingly, we must determine whether Chitty’s claims “ar[ose] out of the course of medical, surgical or other professional services” under Mississippi Code Annotated section 15-1-36(2).
 

 II. Whether the trial court erred in granting Dr. Terracina’s motion to dismiss based on its finding that the two-year statute of limitations barred Chitty’s claims.
 

 ¶ 10. Chitty cites
 
 Howell v. Garden Park Cmty. Hospital,
 
 1 So.3d 900
 
 *778
 
 (Miss.Ct.App.2008), to support her argument that her claim is not governed by section 15-1-36(2). In
 
 Howell,
 
 the plaintiff suffered injuries when she fell from an x-ray table after a medical technician pressed a control knob causing the table to shift.
 
 Id.
 
 at 901-02(¶ 2). This Court found that, as the injury occurred while the medical technician was performing a medical, surgical, or professional service, section 15-1-36 governed the claim. In making this determination, we looked to the following factors identified in
 
 Coleman v. Deno,
 
 813 So.2d 303, 315-16 (La.2002):
 

 [1] whether the particular wrong is “treatment related” or caused by a dereliction of professional skill,
 

 [2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,....
 

 [3] whether the pertinent act or omission involved assessment of the patient’s condition,
 

 [[Image here]]
 

 [4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
 

 [5] whether the injury would have occurred if the patient had not sought treatment, and
 

 [6] whether the tort alleged was intentional.
 

 Howell,
 
 1 So.3d at 903-04(¶7) (quoting
 
 Coleman,
 
 813 So.2d at 315-16). Chitty claims that
 
 Howell
 
 establishes “a systematic test for determining whether a particular cause of action falls within the two-year medical malpractice statute of limitations.” She further argues that the sixth factor is the “most important” as her complaint “involves intentional conduct by Dr. Terracina.” Therefore, she contends, his conduct “cannot fall under the rubric of professional negligence.” The defendants counter that the sixth factor is not consistent with Mississippi law as the Louisiana malpractice statute discussed in
 
 Coleman
 
 defines medical malpractice as “any unintentional tort.” LSA-R.S. 40:1299.41(A)(13). Since Mississippi Code Annotated section 15-1-36 makes no such distinction between intentional and unintentional torts, the defendants argue that the sixth
 
 Coleman
 
 factor is not applicable in this state. We note, however, that in adopting the sixth factor, the court in
 
 Coleman
 
 relied not upon the Louisiana malpractice statute but upon an annotation:
 
 What Patient Claims Against Doctor, Hospital, or Similar Health Care Provider Are Not Subject to Statutes Specifically Governing Actions and Damages for Medical Malpractice,
 
 89 A.L.R.4th 887, 898 (1991).
 
 Coleman,
 
 813 So.2d at 316.
 

 ¶ 11. We observe that neither
 
 Coleman
 
 nor the annotation states that whether a tort is intentional is necessarily the determinative factor; rather, the issue is merely a factor to be considered. One case from the annotation of particular interest is
 
 Williams v. Cordice,
 
 100 Misc.2d 425, 429, 418 N.Y.S.2d 995 (1979). In that case, the patient had consented to surgery, but the consent was “based upon a claimed misrepresentation of fact predicated upon a faulty diagnosis!.]” While the defendants’ actions in that case were not intentional, the New York trial court found that there was “[n]o meaningful distinction ... created when a patient authorizes surgery following a physician’s culpable omission or his negligent misstatement of particular necessary facts[.]”
 
 Id,.
 
 “In either case, the consent to the treatment or procedure has been elicited as a result of the failure of the physician to supply the patient with required information while in the process of discharging his obligation to do so.” Accordingly, the court found that the failure on the part of the medical provider,
 
 *779
 

 whether intentional or negligent,
 
 constituted an act of malpractice.
 
 Id.
 

 ¶ 12. Although Chitty claims that the issue of Dr. Terracina’s intent is “important,” she disregards the fact that the
 
 Coleman
 
 factors were utilized by this Court merely “for guidance.”
 
 Howell,
 
 1 So.3d at 904(¶ 8). As already stated, the issue of intent versus negligence is simply one factor to be examined. The parties have strayed from the main issue of whether the tort “aris[es] out of the course of medical, surgical or other professional services.” Under the circumstances of this case, we find that whether Dr. Terra-cina’s alleged actions were intentional, or merely negligent, is not determinative.
 
 [6]
 

 ¶ 13. Applying the other five factors in
 
 Howell,
 
 it is clear that Chitty’s claims fall under section 15-1-36(2). The biopsy procedure and pathology report were part of her treatment and diagnosis by Dr. Terracina. The pertinent acts involved his assessment and treatment of Chitty’s condition and his advice to her concerning the need for further treatment. “A ‘professional service’ involves the application of special skill, knowledge and education arising out of a vocation, calling, occupation or employment.”
 
 Howell,
 
 1 So.3d at 903(¶ 6) (quoting
 
 Burton v. Choctaw County,
 
 730 So.2d 1, 5-6(¶ 21) (Miss.1997)). The conclusion that Chitty’s claims “ar[ose] out of the course of medical, surgical or other professional services” is underscored by the fact that expert medical testimony would be necessary to prove Chitty’s claims. The basis of Chitty’s claim is that Dr. Terracina performed a medical procedure, for monetary gain, which was unnecessary as the growth on her face was not cancerous. Similarly, she asserts that the biopsy procedure constituted “medical battery” as it was done “without her informed consent. Dr. Terracina had no legitimate medical need or reason to perform said surgery/procedure.” Proving that Chitty’s growth was not cancerous or that the biopsy was unnecessary, incorrect, or not properly discussed with her would require the testimony of an expert medical witness. Additionally, Chitty’s claim regarding the facial products would require expert testimony in order to prove whether the products were, in fact, unnecessary as she claims. Lastly, the incidents occurred in the context of a physician-patient relationship and would not have occurred without Chitty’s seeking medical treatment by Dr. Terracina. Therefore, Chitty’s claims satisfy the first five factors set forth in
 
 Howell.
 

 ¶ 14. As a licensed physician, Dr. Ter-racina is a listed beneficiary of the two-year statute of limitations under section 15-1-36(2). Based on the nature of Chitty’s claims, we find that her tort claims “ar[ose] out of the course of medical, surgical or other professional services” under the statute and were not merely a business dispute “over Dr. Terracina’s alleged fraudulent billing conduct and falsification of records and invoices.” In
 
 Dailey v. Methodist Medical Center,
 
 790 So.2d 903, 915(¶ 14) (Miss.Ct.App.2001), this Court recognized that a physician’s duty to provide professional services encompasses “the entire caring process, including but not limited to examination, history, testing, diagnosis, course of treatment, medication, surgery, follow-up, after-care and the like.” (quoting
 
 Boyd v. Lynch,
 
 493 So.2d 1315, 1317-18 (Miss.1986)). As Chitty’s com
 
 *780
 
 plaint alleges only torts arising out of this process, we find that the trial court properly applied section 15-1-36(2) to the facts of the case. Accordingly, we affirm the trial court’s grant of the motion to dismiss Chitty’s claims.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Regional Surgical Center, Inc., About Face, Inc., Skin Consultants, LLC, and The Skin Institute are businesses owned by Dr. Terraci-na through which he performs services and sells products related to his practice of dermatology.
 

 [2]
 

 . The pathology report is not in the record.
 

 [3]
 

 . We presume the reason that the second answer was filed prior to the filing of Chitty's amended complaint was due to the fact that the defendants had received notice of her amendments to the original complaint in her request to amend.
 

 [4]
 

 . This section states that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss.Code Ann. § 15-1-49(1). However, if Chitty's contention is correct, and the medical malpractice statute of limitations is inapplicable, we note that two of her tort claims, medical battery and intentional infliction of emotional distress, would actually be subject to a one-year statute of limitations under Mississippi Code Annotated section 15-1-35 (Rev.2003).
 
 See
 
 Miss.Code Ann. § 15-1-35 (actions for assault and battery must be commenced within one year after the cause of such action accrued);
 
 and CitiFinancial Mortgage Co., Inc. v. Washington,
 
 967 So.2d 16, 19(¶ 6) (Miss.2007) (a "claim for intentional infliction of emotional distress is subject to a one-year statute of limitations under Mississippi Code Annotated Section 15-1-35 (Rev.2003)").
 

 [5]
 

 . There are two limited exceptions to the statute of limitations set forth in this section of the statute; however, they are not applicable to the present case.
 
 See
 
 Miss.Code Ann. § 15-l-36(2)(a-b).
 

 [6]
 

 . We again observe that, if section 15-1-36(2) is not applicable, two of the intentional torts in Chitty's complaint, medical battery and intentional infliction of emotional distress, would be subject to a one-year statute of limitations, which would also bar them from review.