# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01490-COA

**RUSSELL GILL**                                                                         **APPELLANT**

**v.**

**PROFESSIONAL AUTO COLLISION**                                        **APPELLEE**

DATE OF JUDGMENT:                    06/01/2017
TRIAL JUDGE:                                 HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:  JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        STEPHEN W. MULLINS
ATTORNEY FOR APPELLEE:          MARK EDWARD NORTON
NATURE OF THE CASE:                CIVIL - CONTRACT
DISPOSITION:                               REVERSED AND REMANDED - 06/04/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     This is an appeal from the Jackson County Circuit Court regarding the appropriateness of summary judgment. We reverse and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.     This case involves a dispute over the restoration of an antique truck.

¶3.     Russell Gill (Gill) wanted to purchase a specific 1967 Chevrolet C10, but it was in bad shape. He wanted to bring the truck to Cruisin' The Coast and other antique car shows, so he contacted William Webb (Webb)—owner of Professional Auto Collision—to see if his company could restore the truck. Webb indicated that it could, so Gill purchased the

Chevrolet and brought it to Professional Auto Collision for restoration. The company provided him with a repair estimate on March 14, 2011, that totaled $6,415.72, Gill paid, and Professional Auto Collision worked on the truck in the following months.

¶4. Gill sent his father-in-law to pick up the Chevrolet. But Gill was unsatisfied when he saw it because of the "overall poor quality of the paint job that was allowing rust and other abnormalities to come through the paint and was chipping off in large areas." Both parties attempted to remedy the situation, but further negotiations were ineffective.

¶5. Gill filed a complaint in the County Court of Jackson County in December 2012 against both Webb and Professional Auto Collision. In it, he asserted the following six claims: (1) breach of contract; (2) bad faith; (3) negligence; (4) gross negligence; (5) respondeat superior; and (6) infliction of emotional distress and mental anguish. Furthermore, Gill asserted that he had suffered damages that included: economic loss; loss of enjoyment of life; psychological and emotional trauma, distress, anxiety, and mental suffering; legal interest; attorneys' fees and expenses; and other damages to be proven at trial.

¶6. In September 2014, the defendants moved for summary judgment for Webb and partial summary judgment for Professional Auto Collision. They argued that the repair estimate specified that work was to be done by Professional Auto Collision and that piercing the corporate veil to include Webb in the suit was inappropriate. Furthermore, they urged the court to dismiss the claim for infliction of emotional distress and mental anguish because Gill had not produced any medical records for documentation.

¶7. The County Court issued an agreed order granting summary judgment, and it

dismissed Webb with prejudice as a defendant and found that "all claims against Professional Auto Collision for emotional distress, mental anguish, and loss of enjoyment of life should be dismissed with prejudice."

¶8.     In November 2015, Professional Auto Collision filed a motion for summary judgment, or in the alternative, a motion in limine. Specifically, it argued:

> In general, if an alleged negligent act was committed in the performance of professional services or occupational skills, the plaintiff must present expert testimony to establish the standard of care. . . . The Plaintiff must produce expert testimony as to what a reasonable prudent professional would have done or not done under the circumstances. . . .
>
> Without the testimony of an expert witness, the Plaintiff cannot create a genuine issue of material fact as to whether Professional Auto Collision failed to perform the work on the repair estimate within the custom and standard in the industry or otherwise breached the standard of care.

The motion addressed negligence, but it did not address any of Gill's other claims found in the initial complaint. And the motion in limine was filed to exclude Gill's repair estimates from other body shops as expert testimony.

¶9.     Gill responded to the motion, arguing that "[t]here is clearly a genuine issue of material fact that is in dispute between the parties, mainly whether the Plaintiff withheld permission from the Defendant to bead blast the car in question." He further asserted that expert testimony was unneeded "for causation when the Defendant admits that the job itself was in fact defective."

¶10.    In January 2016, the county court heard the oral arguments of both parties, and "after reviewing the file and Motion for Summary Judgment filed by the Defendant and hearing arguments of Counsel," the court found the motion well taken and granted summary

judgment. As a result, it also found the motion in limine moot. Neither the transcript from the hearing nor the summary-judgment order reveal the court's reasoning, and the court did not cite to any caselaw or other authority.

¶11.   Gill moved for reconsideration, and the county court denied his motion. Gill appealed to the Jackson County Circuit Court in May 2016.

¶12.   The circuit court heard oral argument in May 2017. After, it held:

> Gentlemen, the Court has read all the pleadings with respect to this case, and finds after review that classic cars are a special niche in auto repair. It takes different people than just the old guys who used to Bondo your car and paint over them and that kind of stuff.
>
> There's certainly no question that this plaintiff had engaged in fixing his own over the years. No question that Professional Auto Collision certainly was in the business of doing that on a regular basis, getting cars ready for—classic cars ready for Cruising the Coast, so that puts him in a special niche, as far as the Court is concerned.
>
> Although it is a medical malpractice case, the law in Chitty vs. Dr. Terracina, Appeals case, August 25, 2009 at 16 So. 3d 774, makes the following: A professional service involves the application of special skill, knowledge and education, arising out of a vocation, calling, occupation or employment. The conclusion that Chitty's surgical or other professional services, quoted, is underscored by the fact that expert medical testimony would be necessary to prove Chitty's claims.
>
> The Court so finds here that expert testimony would have been required in this particular case, and the ruling of the Lower Court is hereby affirmed.

The court issued its order affirming the county court judgment in June 2017. Again, Gill moved for reconsideration. The circuit court denied his motion.

¶13.   Gill appeals, arguing that summary judgment was inappropriate because expert testimony is unnecessary and there remained a genuine issue of material fact in the dispute.

4

## STANDARD OF REVIEW

¶14. "It is well-settled that appellate review of the trial court's grant or denial of a motion for summary judgment requires the application of de novo review." *Adams v. Graceland Care Ctr. of Oxford*, 208 So. 3d 575, 579 (¶9) (Miss. 2017). "Summary judgment is proper only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Owen v. Pringle*, 621 So. 2d 668, 670 (Miss. 1993). And to determine whether there is a genuine issue of material fact, we will review "all admissions, answers to interrogatories, depositions, affidavits, and any other evidence, viewing the evidence in a light most favorable to the non-movant." *Elliott v. AmeriGas Propane L.P.*, 249 So. 3d 389, 395 (¶22) (Miss. 2018) (internal quotation mark omitted); *see also* M.R.C.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

## DISCUSSION

¶15. The only caselaw cited by either the county court or the circuit court in the record is *Chitty v. Terracina*, 16 So. 3d 774 (Miss. Ct. App. 2009). The circuit court approvingly cited *Chitty* for the proposition that "[a] professional service involves the application of special skill, knowledge and education, arising out of a vocation, calling, occupation or employment." Furthermore, the court asserted that because Professional Auto Collision is a provider of "professional services," expert testimony is necessary to prove Gill's claims. In

5

the circuit court's view, therefore, summary judgment was appropriate.

¶16.   But *Chitty*, as the court noted, is a medical-malpractice statute-of-limitations case. In that case, Angelia Chitty "went to see Dr. Joseph Terracina, a certified dermatologist, for treatment of a small red, raised spot on her cheek underneath her left eye." *Id.* at 775 (¶2). Terracina performed a biopsy and determined that the spot was cancerous. *Id.* at (¶¶2-3). He informed Chitty that she needed to return to have the spot removed and that the procedure would cost between $1,500 and $2,000. *Id.* at (¶3). Chitty got a second opinion, and she learned that the spot was not cancerous. *Id.* She sued Terracina for several causes of action and, after discovery and motion practice, Terracina moved to dismiss the suit. *Id.* at 776 (¶4).

¶17.   Applying the statute of limitations, the circuit court determined that under Mississippi Code Annotated section 15-1-36 (Rev. 2003) (describing the limitations applicable to a malpractice action arising from medical, surgical, or other professional services), "Chitty did not accompany the complaint with a certificate of expert consultation as required by Mississippi Code Annotated section 11-1-58 (Supp. 2008)" and dismissed Chitty's suit. *Id.* On appeal, the Court of Appeals affirmed the dismissal, finding that "Chitty's claims 'ar[ose] out of the course of medical, surgical or other professional services' under Mississippi Code Annotated section 15-1-36(2)." *Chitty*, 16 So. 3d at 777 (¶9). We determined this because "[t]he biopsy procedure and pathology report . . . [were a] 'professional service' [which] involve[d] the application of special skill, knowledge and education arising out of a vocation, calling, occupation or employment." *Id.* at 779 (¶13).

¶18.   In the present case, the circuit court determined that the painting of an antique

automobile by a mechanic was so specialized that it could constitute a "professional service," and thus it required expert testimony to prove claims of negligence. But to stretch that definition from a medical-services statute-of-limitations case to include services provided by automobile mechanics in the context of negligence claims is to expand that logic too far. Our supreme court has recognized the limited necessity of expert testimony in certain negligence cases "where a layman can observe and understand the negligence as a matter of common sense and practical experience." *Palmer v. Anderson Infirmary Benev. Ass'n*, 656 So. 2d 790, 795 (Miss. 1995). And the supreme court has recognized this limit in other professions. *E.g.*, *Lovett v. Bradford*, 676 So. 2d 893, 895 (Miss. 1996) ("However, this Court has not held that insurance salesmen belong to such a profession [that requires expert testimony to support an action for malpractice]."). The circuit court's broad ruling that the lack of an expert witness forecloses all claims at this early juncture is at best premature.

¶19. Furthermore, there remains a genuine issue of material fact in the dispute between Gill and Professional Auto Collision. A review of the depositions indicates that Gill claims that he never discussed any preparation with Professional Auto Collision and that some degree of preparation is implicit in good workmanship on automobiles for repairing and painting. Professional Auto Collision asserts that Gill never gave Professional Auto Collision permission to prepare the Chevrolet after they explicitly discussed pre-painting preparation with him but determined not to do any because Gill was concerned about the costs. The depositions of both Gill and Webb indicate that this is a genuine issue of material fact. And the March 14, 2011 repair estimate provided in the record does not explicitly state that

7

Professional Auto Collision should or should not prepare the vehicle in a specific manner before painting. This specific contract-based question is a question of fact.

¶20. Based on the evidence before us, a genuine issue of material fact remains as to whether Gill discussed the pre-painting preparation with Professional Auto Collision. "Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits. Where the record is incomplete regarding any material fact, the summary judgment motion should generally be denied." *Ellis v. Powe*, 645 So. 2d 947, 950 (Miss. 1994). Furthermore, expert testimony may not be required here if "a layman can observe and understand the negligence as a matter of common sense and practical experience." *Palmer*, 656 So. 2d at 795. As such, summary judgment was improper. *E.g.*, *Owen*, 621 So. 2d at 670. Finally, we also note that all of Gill's other claims—bad faith, gross negligence, and respondeat superior—were not reached by the summary judgment. We have neither law nor facts to make a determination on any of these other claims. Therefore, we reverse and remand for further proceedings for findings consistent with this opinion.

## CONCLUSION

¶21. As expert testimony may not be required in this case and a question of material fact remains regarding whether Gill discussed pre-painting preparation with Professional Auto Collision, we reverse and remand to the circuit court for further proceedings.

¶22. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART**

**AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., NOT PARTICIPATING.**