# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01382-COA

ROSIE MOORE                                                          APPELLANT

v.

JACKSON CARDIOLOGY ASSOCIATES, P. A.                     APPELLEE

DATE OF JUDGMENT:              08/28/2014
TRIAL JUDGE:                  HON. WILLIAM A. GOWAN JR.
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DAMON RAMON STEVENSON
ATTORNEYS FOR APPELLEE:       WHITMAN B. JOHNSON III
                              KATRINA SANDIFER BROWN
NATURE OF THE CASE:           CIVIL - MEDICAL MALPRACTICE
TRIAL COURT DISPOSITION:      GRANTED SUMMARY JUDGMENT IN
                              FAVOR OF APPELLEE
DISPOSITION:                  AFFIRMED - 12/01/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., MAXWELL AND JAMES, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     While many negligence-based tort claims have a three-year statute of limitations, a claim based on medical negligence has to be filed within two years. Miss. Code Ann. § 15-1-36(2) (Rev. 2012). Rosie Moore sued Jackson Cardiology Associates for injuries she sustained when she fell off a treadmill at its facility. She argues her complaint—filed almost three years after her fall—was timely because she was suing for "ordinary negligence," not medical malpractice.

¶2. But under section 15-1-36(2), "no claim in tort may be brought . . . for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years." And here, Moore's alleged injuries clearly arose out of the course of medical services. When she fell, Moore was in the middle of a "stress test"—a medical diagnostic test being administered by a cardiologist and several nurses. Thus, her claim was for medical malpractice.

¶3. Because Moore did not file her medical-malpractice claim within two years, we affirm the circuit court's grant of summary judgment to Jackson Cardiology Associates.

### Background Facts and Procedural History

¶4. On April 5, 2011, fifty-eight-year-old Moore went to Jackson Cardiology Associates for a stress myocardial perfusion scan, or "stress test." A stress test uses nuclear medicine to evaluate the heart's function and blood flow. So the cardiologist could see how Moore's heart functioned under stress, she was given two options to elevate her heart rate—exercise or medication. Moore chose exercise.

¶5. After being hooked up to an IV, Moore was instructed by a nurse to take off her shoes and step on a treadmill. According to Moore, though three nurses were in the room, none were paying attention to her as she walked. Instead, they were talking to each other, complaining about how backed up they were. After a few minutes, Moore claims the treadmill suddenly sped up. She called for one of the nurses to stop the machine. But they all just stood there as Moore fell. As she lay on the floor, Moore claims the nurses were rude to her and would not help her get up. Moments later, the cardiologist came to Moore's aid.

2

He evaluated her for any injuries and determined she was fine. Moore was then asked if she wanted to continue the test by raising her heart rate through medicine instead. Moore chose to take the medicine and complete the scan.

¶6. Two years and ten months later, on February 21, 2014, Moore sued Jackson Cardiology Associates. She sought recovery for the knee injury she allegedly sustained from falling off the treadmill. Moore couched her complaint in terms of premises liability. She claimed the medical group failed to maintain a reasonably safe premises and failed to warn her about the treadmill. But because she fell during a medical test, Jackson Cardiology Associates took the position it had been sued for medical malpractice.

¶7. Moore's interrogatory responses confirmed the only reason Moore was on the treadmill was to take the stress test and that she blamed her fall, in part, on the nurses. Armed with these responses, Jackson Cardiology Associates moved for summary judgment based on the running of the two-year statute of limitations for medical-malpractice claims. *See Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986) (finding summary judgment may be granted when there is no genuine issue of material fact concerning the running of the limitations period). The circuit court granted its motion and dismissed Moore's claims. Moore timely appealed.

**Discussion**

¶8. On appeal, Moore argues the circuit judge, in classifying her complaint as a medical-malpractice suit, failed to consider the "true cause" of her injury—the treadmill. According to Moore, a treadmill is not a "medical device" because it is not used solely for medical

3

purposes. Instead, treadmills are found in a variety of businesses—"gyms, health clubs, apartment complexes, and even motels"—which do not provide "specialized medical care."

¶9. But section 15-1-36(2)'s application is not limited to injuries caused by "medical devices." Instead, the statute covers all tort claims "for injuries or wrongful death arising out of the course of medical, surgical or other professional services[.]" Miss. Code Ann. § 15-1-36(2). So the question is not—Was Moore's injury caused by a "medical device"? But rather—Did Moore's injury arise out of the course of medical services? And based on the undisputed facts, the answer to this latter question is "yes."

¶10. In *Howell v. Garden Park Community Hospital*, Patricia Howell fell when the X-ray table she was lying on suddenly shifted. *Howell*, 1 So. 3d 900, 901-02 (¶12) (Miss. Ct. App. 2008). Because her injury happened while the hospital was performing a medical, surgical, or other professional service—an X-ray—this court found section 15-1-36(2)'s two-year limitations period applied. *Id.* at 905 (¶13). Like Howell, Moore claims she fell when the treadmill suddenly sped up. Jackson Cardiology Associates had not provided the treadmill for Moore's recreational use. Instead, one of its cardiologists was using the treadmill to perform a medical service—a stress test. Thus, like Howell, Moore injuries arose out of the course of medical services. So her claim based on these injuries had to be filed within two years.

¶11. Still, Moore tries to wiggle out of the two-year statute of limitations—not by arguing her claim falls outside the statute, but instead insisting her claim does not require medical expert testimony. Medical expert testimony must be used to prove medical negligence.

4

*Hubbard v. Wansley*, 954 So. 2d 951, 956-57 (¶12) (Miss. 2007). But as Moore sees it, she did not need a medical expert to prove Jackson Cardiology Associates was negligent. From this, she reasons backwards—if no expert was needed, then her claim was not for medical malpractice, meaning the statute of limitations for medical-malpractice claims did not apply.

¶12. But the premise of her argument—that she needed no medical expert—is flawed. In a similar case, the Mississippi Supreme Court held medical expert testimony *was* necessary in a slip-and-fall involving a hospital patient. *Crosthwait v. S. Health Corp. of Houston, Inc.*, 94 So. 3d 1070, 1076 (¶22) (Miss. 2012). A doctor had ordered the patient be assisted walking from the shower to her bed. When leaving the shower, the patient claimed she called out for help, but the nurse standing nearby did not respond. So she walked on her own and fell. *Id.* at 1072 (¶5). Because any action or inaction by the nurse involved professional judgment, the patient's claim that the nurse was negligent was a medical-malpractice claim requiring expert testimony. *Id.* at 1076 (¶¶22-23).

¶13. Here, Moore has accused the nurses assisting her with the stress test of not providing her with the right footwear or giving enough instructions about the treadmill. Nor did they, according to Moore, pay sufficient attention to her as she walked, so they were not ready to respond to her cry for help when the treadmill suddenly sped up. Applying *Crosthwait*, any action or inaction by the nurses involved their professional judgment. So Moore's claim is a medical-malpractice claim, which she failed to timely file under section 15-1-36(2).

¶14. For this reason, Jackson Cardiology Associates was entitled to summary judgment.

¶15. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

**APPELLANT.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**